Bruce L. Jorgensen
75061 Tour Drive
Easton, MD 21601

Attorney for Plaintiffs
Jane Roe and John Doe

F I L E D
Clerk
District Court

JUN 2 6 2009

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JANE ROE and JOHN DOE, | ) | CIVIL ACTION NO. 09-00 0023 |
| | ) | |
| Plaintiffs, | ) | COMPLAINT FOR |
| | ) | DECLARATORY/INJUNCTIVE |
| v. | ) | RELIEF AND FOR DAMAGES |
| | ) | |
| COMMONWEALTH OF THE | ) | |
| NORTHERN MARIANA ISLANDS, | ) | |
| CNMI DOES 1-100 in their official and | ) | |
| personal capacities, UNITED STATES | ) | |
| OF AMERICA, and, U.S. DOES 1-100 | ) | |
| in their official and personal capacities | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND FOR DAMAGES

### Parties

1. Plaintiff JANE ROE[1] is a citizen of the United States of America ("U.S.") who resides and is domiciled in a state of the U.S., is a former employee of the Commonwealth of the Northern Mariana Islands ("CNMI") entitled to full retirement benefits via the CNMI's Retirement Fund ("Fund"), and whose full name shall not be disclosed in this pleading due to her concerns relating to personal safety and fear of retaliatory misconduct and/or

---

[1] Plaintiffs herein assert claims based on personal interests as well as claims shared in tandem with similarly situated CNMI retirees and Fund beneficiaries---in this regard, Plaintiffs here anticipate that additional CNMI retirees, including but not limited to various members of retiree/community organizations within the CNMI, might seek to participate and seek redress via this proceeding, either by way of joinder of additional plaintiff-retirees, or by conversion of this proceeding to a class action at such expeditious time as is appropriate.

1

persecution as a consequence of her decision to exercise her rights by commencing and perpetuating this legal action.

2. Plaintiff JOHN DOE is a citizen of the United States of America ("U.S.") who resides and is domiciled in a state of the U.S., is a former employee of the Commonwealth of the Northern Mariana Islands ("CNMI") entitled to full retirement benefits via the CNMI's Retirement Fund ("Fund"), and whose full name shall not be disclosed in this pleading due to his concerns relating to personal safety and fear of retaliatory misconduct and/or persecution as a consequence of her decision to exercise her rights by commencing and perpetuating this legal action.

3. Defendant CNMI is a governmental entity lawfully created by effect of the <u>Covenant to Create a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America</u> which governmental entity is bound and obligated to serve and act in a lawful manner at all times with respect to Plaintiffs and all CNMI retirees.

4. Defendants CNMI DOES 1-100 are entities and persons, whose specific actions and roles---individually and/or in concert with each other or with other persons or entites---in the circumstances giving rise to the claims alleged in this complaint, are presently uknown to Plaintiffs who, upon discerning these entities and persons through further proceedings in the action shall thereafter seek leave of court to more specifically identify these persons and entities as named defendants in this action.

5. Defendant UNITED STATES OF AMERICA ("U.S.") is a governmental entity obligated and bound to serve and act in a lawful manner at all times with respect to Plaintiffs and all CNMI retirees.

6. Defendants U.S. DOES 1-100 are entities and persons, whose specific actions and roles---individually and/or in concert with each other or with other persons or entitles---in the circumstances giving rise to the claims alleged in this complaint, are presently unknown to Plaintiffs who, upon discerning these entities and persons through further proceedings in the action shall thereafter seek leave of court to more specifically identify these persons and entities as named defendants in this action.

### Jurisdiction/Venue

7. This court has personal jurisdiction over Plaintiffs.

8. This court has personal jurisdiction over Defendant CNMI.

9. This court has personal jurisdiction over Defendant CNMI DOES 1-100.

10. This court has personal jurisdiction over Defendant U.S.

11. This court has personal jurisdiction over Defendants U.S. DOES 1-100.

12. This court has subject matter over this proceeding and the claims alleged in this proceeding pursuant to 28 U.S.C. §1331 (Federal Question) as this action arises under the Constitution, laws, and treaties of the United States.

13. This court has subject matter over this proceeding and the claims alleged in this proceeding pursuant to 28 U.S.C. §1343 (Civil Rights) as this action includes claims alleged pursuant to 42 U.S.C. §§1983, 1985, and 1988.

14. This court has subject matter over this proceeding and the claims alleged in this proceeding pursuant to 28 U.S.C. §1361 (Action to Compel an Officer of the U.S. to Perform His Duty) as this action includes claims in the nature of mandamus to compel officers and employees of the U.S. and agents thereof to perform duties owed to the Plaintiffs and to similarly situated CNMI retirees.

15. This court has subject matter over this proceeding and the claims alleged in this proceeding---including all pendent, ancillary, and supplemental claims alleged under, relating to, or derived from, the constitution, statutes, codes, procedures, or acts of the CNMI---pursuant to 28 U.S.C. §1367 (Supplemental Jurisdiction).

16. This court has subject matter over this proceeding and the claims alleged in this proceeding pursuant to 18 U.S.C. §1961 et. seq. (Civil RICO).

16A. Venue of this proceeding, in the court, is appropriate.

### General Factual Background

17. As retirees of the CNMI, plaintiffs are beneficiaries of the Fund.

18. As CNMI retirees and Fund beneficiaries, Plaintiffs possess irrevocable property rights subject to protection, both within and without the CNMI, by the U.S. Constitution.

19. As CNMI retirees, and U.S. citizens, Plaintiffs possess irrevocable rights to due process and equal protection of the law, both within and without the CNMI, by effect of the U.S. Constitution.

20. As CNMI retirees, Plaintiff further possess rights by effect of the CNMI Constitution including CNMI Constitution Article X, section 9, which entitles a person to bring an action against the CNMI "in order to enjoin the expenditure of public funds for…a breach of fiduciary duty" and which, in turn, mandates an "award [of] costs and attorney fees…in a reasonable amount relative to the public benefit of the suit" to any person who prevails in such an action.

21. Commencing as early as September 12, 2003, with follow-up on February 6, 2004 and May 19, 2004---confirmed, in part, by U.S. Postal Service return receipt number 7003 0500 0004 5540 5338 as received February 11, 2008 at the Office of the U.S.

4

Attorney on Guam---there were expressed to U.S. and CNMI officials wide ranging concerns on behalf of CNMI retirees and the CNMI general public generally, and Plaintiff Doe specifically, respecting the possibility of CNMI activities perceived as detrimental to CNMI retirees, the CNMI general public, and others including Plaintiff Doe.

22. These concerns derived from the fact of dwindling Fund worth and diversion of CNMI payments otherwise payable to the Fund including what might well have included U.S. funding sources via U.S. governmental, financial, and interstate money/funding transactions.

23. These concerns further derived from general knowledge and understanding of the CNMI's fiscal dealings and obligations respecting both the Fund and those U.S. originated funds known as "CIP" funds provided by the U.S. to the CNMI, which CIP funds were themselves the subject of a memorandum, by and between U.S. Interior officials Roger Stillwell and Nick Pula, and captioned "History of section 702 financial assistance to the CNMI", in which it was written:

> "In 1992 an implementing element of the Covenant between the Commonwealth and the United States required that the CNMI Government match, dollar for dollar, all capital improvement funds provided by the USG. That matching requirement has recently been made optional by the current agreement. ." **<u>Never-the-less, all U.S. Government CIP funds for the period 1992 to (circa) 2003 appear to have required the CNMI government to</u>**

<u>match                U.S.              taxpayer                funds</u>

<u>dollar for dollar</u>"(emphasis added).

24. These concerns further compelled memorialized efforts to seek from U.S. officials an inquiry, and to act and perform duties owed to all CNMI retirees---Plaintiffs included--- as well as the CNMI general public and others, as to legal propriety in an effort to secure protection as to the property rights, due process, equal protection, and civil rights guaranteed Plaintiffs and similarly situated CNMI retires.

25. One of the U.S. officials from whom the performance of such duties was sought was a U.S. official, based on Guam, to whom was transmitted a September 12, 2003 letter[2], including the following excerpt:

> "    I realize there may be certain jurisdictional limitations as to the extent Federal authorities can intervene in local matters, however, is it possible your office responsibilities encompass <u>**issues related to the**</u>
>
> <u>**possibility of diversion of CNMI retirement pension**</u> <u>**deductions from employees engaged in federally funded**</u> <u>**projects**</u>? [emphasis added]
>
> <u>For example, if a U. S. citizen employed by the</u> <u>CNMI government on a federally funded project has his</u> <u>or her  salary, or portion there-of, provided by a</u> <u>federal grant and such an individual  also contributes</u>

---

[2] The full text of this letter shall be subsequently provided to the court and to the parties.

6

<u>a portion of that income to the Commonwealth's Retirement Fund -- could the U. S. government conceivably have a jurisdictional interest in such Fund proceeds and their accountability</u>?"

26. Neither the previously-described U.S. official, nor any other U.S. official, responded to either the above-described September 12, 2003 letter, the explicit follow-up letters of February 6, 2004 and May 19, 2004, or in any known fashion resembling timely, meaningful, and comprehensive performance of duties owed by U.S. officials to the CNMI retirees/general public generally, and to Plaintiffs and to similarly situated others specifically.

27. Of related concern, was the possibility that CNMI-obligated Fund payments had been diverted, from payment of these CNMI obligations towards retiree-beneficiaries, to instead be redirected for payment of CNMI-delinquent CIP contributions.

28. On or about June 16, 2006, there was signed into law by CNMI Governor Benigno R. Fitial, CNMI Public Law 15-15 which purported to lawfully authorize the suspension of CNMI payments owed to the Fund during a portion of the 2006 fiscal year, and during all of the 2007 calendar year.

29. To date, the CNMI remains substantially delinquent in the monies owed by the CNMI to the Fund.

30. To date, the CNMI and CNMI Does have opted to direct payment of CNMI funds to many entities and persons---including but not limited to hiring/funding new CNMI bureaucratic employee---rather than paying or meaningfully satisfying outstanding, long

delinquent, CNMI debt to the Fund for the benefit of Fund beneficiaries including Plaintiffs.

30. Since at least 2003, the Fund's assets, financial standing, financial viability, long-term growth/potential, liquidity, portfolio, investment potential, long-term-outlook, and the derivative economic and related interests of CNMI retirees including Plaintiff, have markedly deteriorated, as a consequence of Defendants' actions, inaction, and malfeasance.

31. On or about June 12, 2009, there was filed in this court a case titled <u>Fennell v. Gregory et.al.</u>, civil number 09-0019, in which there was disclosed to the general public, Plaintiffs included, via public record of this court, the contention by the former Receiver for Bank of Saipan, that the CNMI, and/or current and former CNMI officials, had engaged in significant, and seemingly multiple/protracted instances, of fraud involving Fund assets of which Plaintiffs are beneficiaries, with consequences detrimental to the Fund's assets, financial standing, financial viability, long-term growth/potential, liquidity, and Plaintiffs' associated interests.

### Count I:  Deprivation Of Federally Protected Property Rights/Interests

32. By effect of passing Public Law 15-15, reputedly unlawful and fraudulent Bank of Saipan dealings, failing to pay or otherwise satisfy and bring current CNMI obligations to the Fund, and related unlawful conduct, Defendant CNMI and Defendant CNMI DOES 1-100 (collectively "CNMI Defendants"), the CNMI Defendants have deprived Plaintiffs and similarly situate others of property rights and interests of substantial worth and import---including but not limited to short and long term economic benefits, fiscal

8

prudence, and financial security---in violation of U.S. constitutional protections, for which CNMI Defendants are liable to Plaintiffs.

33. By effect of the conduct described in the preceding paragraph, CNMI Defendants have significantly harmed, both economically, and from prospector-investor-standing, the viability of the Fund and, by derivative consequence, Plaintiffs' and similarly situate others of property rights and interests---including but not limited to economic benefits and financial security---in violation of U.S. constitutional protections, for which CNMI Defendants are liable to Plaintiffs.

### Count II:  42 U.S.C. §1983---Violation Of U.S. Civil Rights

34. By effect of passing Public Law 15-15, reputedly unlawful and fraudulent Bank of Saipan dealings, and related unlawful conduct, CNMI Defendants have deprived Plaintiffs and similarly situated others of civil rights guaranteed by the U.S. Constitution, including but not limited to rights of equal protection, due process of law, and freedome from discrimination based on age, political beliefs and/or affiliation, and/or ethnicity, for which CNMI Defendants are liable to Plaintiffs.

35. By effect of passing Public Law 15-15, reputedly unlawful and fraudulent Bank of Saipan dealings, and related unlawful conduct, CNMI Defendants have deprived Plaintiffs and similarly situated others of civil rights guaranteed by the U.S. Constitution, including but not limited to rights of equal protection, due process of law, and freedom from discrimination based on age, political beliefs and/or affiliation, and/or ethnicity, for which CNMI Defendants are liable to Plaintiffs.

### Count III:  42 U.S.C. §1985---Conspiracy[3]

---

[3] Due to requisites set forth at **18 U.S.C. §1961 et. seq**. as to pleading with particularity, and the substantial breadth unavailable to CNMI retirees including Plaintiffs, by effect of Defendants' alleged acts, omissions,

36. By effect of passing Public Law 15-15, reputedly unlawful and fraudulent Bank of Saipan dealings, and related unlawful conduct, CNMI Defendants have conspired to interfere with, and to deprive, the civil rights of Plaintiffs and similarly situate others, for which CNMI Defendants are liable to Plaintiffs.

37. By effect of passing Public Law 15-15, reputedly unlawful and fraudulent Bank of Saipan dealings, and related unlawful conduct, CNMI Defendants have conspired to obstruct justice and thereby impair and/or deprive the civil rights of Plaintiffs and similarly situate others, for which CNMI Defendants are liable to Plaintiffs.

### Count IV: Compelling U.S. Officials To Perform Duties Owed

38. By effect of ignoring and failing to perform duties as requested by Plaintiffs, multiple U.S. officials have been and remain unwilling to perform duties owed to Plaintiffs and similarly situated others by U.S. officials, to the significant detriment of Plaintiffs, the Fund, and others, and in violation of U.S. law.

39. Given the preceding allegations, including but not limited to those set forth in the immediately preceding paragraph, this court is wholly empowered to compel U.S. officials to perform any and all duties owed to Plaintiffs, forthwith.

### Count V: Breach Of Fiduciary Duty/Constructive Fraud

40. By effect of the above-described events, related facts and occurrences, successive errors and omissions, and related misconduct and malfeasance, the CNMI Defendants

---

and wide scale misconduct, Plaintiffs at present are both reticent and constrained from proceeding with **Racketeer Influenced And Corrupt Organizations ("RICO") civil claims** as to various **CNMI DOE Defendants** at this time, though on further consideration with prospective additional plaintiffs or class members, Plaintiffs may well opt to subsequently amend this complaint, on behalf of CNMI retirees, themselves included, in order to allege and prosecute such civil RICO claims as facts and materials presently unavailable to the CNMI retirees, Plaintiffs included, become made available through the course of this proceeding.

Racketeer Influenced and Corrupt Organizations

have engaged in misconduct constituting unlawful breach of fiduciary duty and constructive fraud, for which CNMI Defendants are liable to Plaintiffs.

### Count VI:  Misrepresentation

41. By effect of the above-described events, related facts and occurrences, and related misconduct and malfeasance, the CNMI Defendants have engaged in both intentional, wanton, malicious, wilful, and negligent misconduct, constituting unlawful misrepresentation, for which CNMI Defendants are liable to Plaintiffs.

### Count VII:  Injunctive Relief---Fed.R.Civ.P. 65

42. By effect of the above-described events, related facts and occurrences, and related misconduct and malfeasance, CNMI retirees via Plaintiffs here, are entitled to equitable relief in the form of **affirmative and prohibitive injunctive relief**, by which this court may:  **(i) command the CNMI FORTHWITH** to pay or otherwise satisfy and bring current all CNMI obligations to the Fund; **(ii) preclude the CNMI FORTHWITH** from engaging in further conduct having the effect of frustrating or avoiding or delaying payment or satisfaction of this CNMI debt to the Fund; and, **(iii)** failing such expeditious payment or satisfaction, to **command the U.S. Marshals or other Federal entities or officials to seize assets owned and/or possessed and/or controlled by the CNMI** to ensure payment and satisfaction of CNMI debt to the Fund both forthwith and in full.

### Count VIII:  Declaratory Relief---28 U.S.C. §2201/Fed.R.Civ.P. 57

43. This court is empowered to issue relief in the form of a declaratory judgment in favour of Plaintiffs.

44. Plaintiffs are entitled to issuance by this court of a declaration holding CNMI Public Law 15-15 unlawful under U.S. law, as violative of rights and protections guaranteed, by

the constitution and laws of the U.S. applicable upon and within the CNMI, to Plaintiffs, and similarly situated CNMI retirees.

### Prayer for Relief

WHEREFORE PLAINTIFFS REQUEST THE FOLLOWING REMEDIES:

I. issuance by this court of a declaration holding CNMI Public Law 15-15 unlawful under U.S. law, as violative of rights and protections guaranteed, by the constitution and laws of the U.S. applicable upon and within the CNMI, to Plaintiffs, and similarly situated CNMI retirees.

II. Issuance by this court of injunctive relief, forthwith, in aid of protecting the interests of Plaintiffs and similarly situated retirees---thereby providing such affirmative or prohibitive relief as described in preceding enumerated paragraph 42, or as deemed otherwise legally or equitably appropriate under the circumstances.

III. Issuance by this court of an order compelling U.S. officials---including but not limited to officials employed by and/or affiliated with the Office of the U.S. Attorney, the Office of the U.S. Inspector General, and the Federal Bureau of Investigation---to commence forthwith an investigation as to whether federal laws and regulations have been violated by the CNMI and CNMI DOE Defendants and/or others, respecting: (a) diversion of CNMI-owed-payments to the Fund, including but not limited to diversion of U.S. grant funds paid by grantees to the CNMI for contribution to the Fund; (b) diversion of CNMI funds lawfully owed to the Fund for other purposes including co-matching-CIP arrears; and, (3) unlawful misconduct relating to business, financial, securities, intrastate, and interstate financial dealing by and between the Fund, Bank of Saipan, and others, which dealings have been alleged to include fraud on the part of CNMI and Bank of

13

Saipan officials, to the detriment of the Fund, Plaintiffs, and similarly situated CNMI retirees.

IV.  Monetary damages in a nominal or otherwise amount to be proven at trial.

V.  Punitive damages assessed against and payable by Defendants CNMI and CNMI DOE Defendants.

VI.  Payment of attorneys' fees and costs, as prevailing party, as mandated by CNMI Constitution Article X section 9, and as otherwise permitted by law or deemed equitably appropriate.

VII.  Such other and further relief as this court deems legally or equitably warranted under the circumstances.

Dated, Easton, Maryland, this 24th day of June 2009.

Bruce L. Jorgensen
Attorney for Plaintiffs