| | |
|---|---|
| 1 | EDWARD T. BUCKINGHAM<br>Attorney General |
| 2 | ANTHONY WELCH  #T0041<br>OFFICE OF THE ATTORNEY GENERAL |
| 3 | Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.<br>Caller Box 10007, Capital Hill<br>Saipan, MP  96950-8907 |
| 4 | Telephone:    (670) 664-2341<br>Fax:             (670) 664-2349 |
| 5 | E-mail:raw@comic.com |
| 6 | Attorney for Defendants |
| 7 | |
| 8 | IN THE UNITED STATES DISTRICT COURT<br>DISTRICT OF THE NORTHERN MARIANA ISLANDS |

| | | |
|---|---|---|
| 9 | JANE ROE and JOHN DOE, | Civil Case No. 09-00023 |
| 10 | Plaintiffs, on behalf of themselves, and as Fed.R.Civ.P.23(a) representatives parties on behalf of all other class members, | |
| 11 | | |
| 12 | vs. | |
| 13 | BENIGNO R. FITIAL, in his capacity as Governor of the Commonwealth of the Northern Mariana Islands ("CNMI"); PEDRO Q. DELA CRUZ, in his official capacity as Northern Mariana Islands Retirement Fund ("Fund") Trustee and Fund Board Acting Chairman and/or Chairman, SIXTO K. IGISOMAR, in his official capacity as Fund Trustee; ADELINA C. ROBERTO, in her official capacity as Fund Trustee, ROBERT SCHRACK, in his official capacity as Acting Secretary of the CNMI Finance Department; CNMI GOVERNMENT; NORTHERN MARIANA ISLANDS RETIREMENT FUND; NORTHERN MARIANA ISLANDS RETIREMENT FUND BOARD OF TRUSTEES; CNMI DEPARTMENT OF FINANCE; DOES 1-95 in their official and personal capacities; ERIC HOLDER in his official capacity as Attorney General of the United States of America; UNITED STATES | |
| 14 | | |
| 15 | | OPPOSITION TO MOTION OF PLAINTIFF'S |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |

OF AMERICA ("U.S.").; and U.S. DOES 1-99 in their official and personal capacities.

**Defendant.**

Two unknown plaintiffs, Roe and Doe, filed a motion seeking the appointment of an emergency receiver pursuant to Fed. R. Civ. P. 66 and certification of a class action pursuant to Fed. R. Civ. P. 23(c)(1). That motion should be dismissed as it is only supported by hearsay and conclusory statements and because in each instance the unknown plaintiffs' failed to meet requirements of the respective rules. Defendants seek an order of this court denying the relief sought by plaintiffs or in the alternative, an order setting an evidentiary hearing on the issues raised by Plaintiffs' motion.

FACTS

Plaintiffs' filed their amended complaint on October 3, 2009 and failed to serve, or decided not to serve, any of the defendants. Although not served, defendants Governor Fitial, Secretary of Finance Schrack and the CNMI Department of Finance[1] filed an appearance in this matter because the unknown plaintiffs were seeking relief without notice. Plaintiffs filed their motion on September 8, 2009 seeking expedited relief, with or without a hearing.

The motion of plaintiffs relies on exhibits A through Q and a declaration of counsel. The declaration of counsel is based upon "facts" known to counsel as stated to him by others or is upon information and belief. That is classic hearsay. The heart of the declaration is contained in paragraphs

---

[1] Counsel made a mistake in his notice of appearance. Counsel does not represent the Northern Mariana Islands Retirement Fund and has not been so authorized.

numbered 4 through 7. Paragraph 4 is nothing more is an attack upon the past and present governor and legislatures of the Commonwealth of the Northern Mariana Islands (CNMI). It states no facts and is conclusory in nature.  Paragraph 5 is divided into parts a through d. Part a of that paragraph is a conclusion regarding Jack Abramoff, which is unrelated to the matter before the court. Part b contains plaintiffs' counsel's conclusion on the value and import of ongoing litigation in the federal court. Part c of that paragraph relates to the loan from the Northern Mariana Retirement Fund (fund) to the CNMI Judiciary, a lone that has never failed to make its payments to the fund. Part d of that paragraph, refers to a supposedly risky deposit/investment in the Bank of Saipan, all of which returned to the Fund.  (Ex. 1) Paragraph 6 and 7 of the declaration are based upon information received by counsel from unknown retirees of the fund. Paragraph 8 incorporates plaintiffs' exhibit Q. Exhibit is a resolution of the board of directors of the fund directing the fund to cease processing refunds of certain employee contributions.

The Northern Mariana Retirement Fund is, in fact, the administrator of two funds. It administers a defined contribution fund and a defined benefit fund. It is only the latter that plaintiffs appear to be complaining about.

The fund is administered by a board of directors "appointed by the Governor with the advice and consent of the Senate." 1 CMC 8314.

## Argument

Pleading that offers labels and conclusions or formulaic recitation of elements of cause of action will not do, nor does motion suffice if it tenders naked assertions devoid of further factual enhancement. See <u>Ashcroft, et al. v. Iqbal</u> et al.129 S.Ct. 1937, 173 L.Ed. 2d 868,Vague and conclusory allegation are not sufficient to support plaintiffs'." See. <u>Conley v.Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

Plaintiffs seek the appointment of a receiver for the fund asserting that there is a likelihood of delay in the fund collection on its judgment against the Commonwealth, patent conflicts due to a debt owed to the Fund by CNMI judiciary, plaintiffs' inability to determine who represents the Fund and the imminent but unknown possible action by the Fund's board of directors at its upcoming September 17, 2009 meeting. In doing so, plaintiffs' offer nothing more than hearsay and conclusory statements to support its motion. What someone told to plaintiffs' counsel is hearsay when presented by counsel and not the declarant. <u>See</u> declaration of plaintiffs' counsel at paragraphs 2, 6 and 7. Newspaper articles may be self authenticating but the statements of third parties within those articles are hearsay. (All of Plaintiffs' exhibits except I, C and Q. Finally, unsigned letters where the writer cannot be identified are hearsay. (Plaintiffs' exhibit I and C).

Those seeking appointment of a receiver carry a heavy burden. Such request needs support in the form of solid reasoning founded upon concrete propositions of fact from which necessary, of at least probable inferences could be drawn as to possible future success and the likelihood of irreparable injury, not on vague inferences from past behavior. <u>Wicks v. Belgian American Educational</u>

Foundation, 266 F. Supp. 38 (S.D.N.Y. 1967). Nowhere within the documents filed by plaintiffs is any actual fact concerning the amount of investments of the fund, the increase in Commonwealth funding of the fund, as ordered by the Superior Court, or the effects on the fund changes in the laws to protect the fund.

It is difficult to discern why the plaintiffs are unable to figure out who represents either the fund or its individual board members. It would be a simple matter to serve process on the named defendants and await their responses. In any event, plaintiffs' inability does not provide support for appointing a receiver. It is impossible to find any connection between the reliefs sought by plaintiffs' fear of a meeting of the fund's board of directors. Those meetings are open to the public and plaintiffs or their counsel are entitled to attend.

Plaintiffs' have advanced no fact in support of their request for the appointment of an emergency receiver. In contrast, the fund has shown that it has taken, or will take, the actions necessary to assure adequate funding of the retirement fund through litigation and now negotiations. Moreover, as shown by the affidavit of Richard Villagomez, all retirement payments have consistently been made and no payments have been missed. (Ex. 1)

In the matter at hand, the Fund's board of directors (appointees of the governor) has taken, and continues to take, appropriate action to make the fund fiscally solvent. It initiated litigation against the Commonwealth, methodically prosecuted that litigation and is now engaged in an effort to negotiate a

means of enforcing its judgment, as it was urged to do by the Superior Court of the CNMI.[2] At the same time, the Fund has initiated an actuarial study to determine whether, in its new form as a closed in fund rather that an open ended fund, the life expectancy of the Fund and whether an emergency exists. That study should be concluded within weeks. (Ex. 1) Such actuarial studies are required by 1 CMC 8362 to determine the fiscal soundness of the fund and are practically required before anyone can predict the future of the Fund.

Plaintiffs' request for a receiver should be denied.

---

[2] See Exhibit II to the amended complaint. That document shows that despite plaintiffs' assertions of conflicts between the fund and the superior court that the court ruled strongly in the favor of the fund and awarded the fund everything it sought.

Plaintiff seeks certification as a class for a class action. Yet, the plaintiffs' would represent the class are unknown, live in an unknown state or states and have alleged no injury to themselves. They have asserted nothing to show the existence of common questions of fact between them as retirees and Fund members who are not yet retired or how they will protect the people who are not retired should their interests come into conflict. They have not met the requirements of Fed. R. C. Pro. 23(a). For that reason their request for certification should be denied or a hearing should be set where the plaintiffs' can put on actual facts supporting their motion.

Conclusion

Plaintiffs' motion is not supported by factual allegations or facts within its declaration. Lacking facts, the motion must be denied.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

EDWARD T. BUCKINGHAM
Attorney General

Dated: Wednesday, 16 September 2009        _____/s/_____
R. ANTHONY WELCH #T0041
Chief, Civil Division
Assistant Attorney General

Attorneys for Defendants