IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| BETTY JOHNSON, on behalf of herself, and as a representative of a class of similarly-situated persons,<br><br>                        Plaintiff,<br>          vs.<br><br>BENIGNO R. FITIAL, *et al.*,<br><br>                        Defendants. | CIVIL CASE NO.  09-00023<br><br><br><br>**ORDER** |

On January 15, 2013, this case came before the court for a presentation of the Trustee *Ad Litem*'s Report (ECF No. 348) and argument on the Motion to Dismiss Second Amended Complaint (ECF No. 226) (the "Motion to Dismiss"), filed by the Government.[1]  *See* ECF No. 316.  At the conclusion of the hearing, the court stated that a written decision would be issued, but the court nonetheless announced it was inclined to rule on the Motion to Dismiss as follows:

- the Plaintiff has standing and her claims are ripe for adjudication;
- the court has subject matter jurisdiction over this action because the Second Amended Complaint ("SAC") sufficiently asserts claims that arise under federal law;
- the court will not decline to exercise supplemental jurisdiction over the Plaintiff's causes of action brought under local law;

---

[1]  The "Government" collectively refers to the following defendants:  the Hon. Benigno R. Fitial, Governor of the Commonwealth of the Northern Mariana Islands, Larrisa Larson, Secretary of the CNMI Finance Department, CNMI Government, CNMI Department of Finance, and CNMI Does 1-95, in their official and personal capacities.

- the *Younger* abstention doctrine is inapplicable to the facts of this case; and
- although some claims may not survive under a Rule 12(b)(6) challenge, the court would permit the Plaintiff to properly re-assert such claims in a third amended complaint.

Additionally, although the Motion for Settlement Conference (ECF No. 249) was not scheduled to be heard that day, Margery Bronster, counsel for the Plaintiff, requested the court consider hearing brief arguments on the matter since all the parties were present and the motion had been fully briefed. The Trustee *Ad Litem* Joseph Razzano argued that no further argument on the motion was necessary in light of all the court had heard, and instead urged the court to simply order all parties to participate in a settlement conference. A recess was taken to allow the Attorney General's office an opportunity to contact the Lieutenant Governor to see if he was willing, on behalf of the Government, to settle this case. The Attorney General's Office represented that the Lieutenant Governor will participate in settlement negotiations. All parties answered that they were willing to participate in good faith settlement negotiations. Based on the parties' agreement, the court granted the Motion for Settlement Conference. The court thanked the parties for agreeing to participate in a settlement conference because, as reported by the Trustee *Ad Litem*, the demise of the NMI Retirement Fund is quickly anticipated unless the parties can reach a mutually agreeable resolution soon.

Following the hearing, the court spoke with Chief Bankruptcy Judge Robert Faris, who agreed to preside over the settlement conference. The court forwarded copies of the pertinent pleadings to Judge Faris, and he is currently reviewing the documents. Judge Faris will shortly advise the parties about his settlement procedures for this case.

In light of the anticipated settlement conference, and in the interest of judicial economy, the court will hold all other pending motions in abeyance until the settlement process is

1  completed.  Matters held in abeyance also include the Emergency Motion to Intervene (the
2  "Motion to Intervene"), filed by Phyllis M. Ain, *pro se*.  *See* ECF No. 350.  According to the
3  Motion to Intervene, Ms. Ain is a current employee of the CNMI government and a member of
4  the NMI Retirement Fund Defined Benefit Plan.  She seeks to terminate her membership in the
5  Fund and recover her employee contributions as provided for in Public Law 17-82.  Ms. Ain
6  requests permission to intervene based on her belief that her interests are not adequately
7  represented or protected by any current party to this action.

8  While the court empathizes with the uncertainty and anxiety facing many of the current
9  active employees, the court is confident that the effects of Public Law 17-82 will be fully
10 addressed and resolved in the settlement process.  At the January 15th hearing, Lillian
11 Pangelinan, the Fund's Administrator, stated that the Fund was still working on processing the
12 thousands of applications received.  However, the process is slow and tedious because the Fund
13 must manually calculate each employee's contribution.  Furthermore, because the Fund is not
14 certain that the data it possesses is accurate and reliable, the staff must verify the Fund's
15 information with other sources to ensure that mistakes are not made.  The Secretary of Finance
16 Larissa Larson offered the assistance of the Department of Finance to help the Fund in this
17 verification process.  The court hereby orders Ms. Pangelinan to work with Ms. Larson in the
18 review of these applications.   The court further orders that Ms. Pangelinan and her staff continue
19 to work diligently in processing the applications received.   However, in light of the anticipated
20 settlement conference, the court will issue a briefing schedule for the Motion to Intervene at a
21 later time, if necessary.

22  **IT IS SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Designated Judge**
**Dated: Jan 18, 2013**