# EXHIBIT 6




**Office of the Secretary**
# Department of Finance

P.O. Box 5234 CHRB, Saipan MP 96950          TEL: (670) 664-1100  FAX: (670) 664-1115

Ms. Joyce Tang                                              12/03/2025
Trustee                                                    SFL2026-270
NMI Settlement Fund
8593 Isa Drive, Capitol Hill
Saipan, MP 96950

*via email: jtang@civilletang.com*

> **Subject:  *Request for consideration of certain modifications to the Final Amended
> Stipulation and Agreement of Settlement***

Dear Ms. Tang:

On behalf of the Commonwealth of the Northern Mariana Islands ("CNMI"), I am writing to you
to request your consideration of certain modifications to the Final Amended Stipulation and
Agreement of Settlement (the "Settlement Agreement") that are necessary in order for the CNMI
to meet its obligations to the Settlement Class Members relating to Government Health and Life
Insurance ("GHLI") benefits.

***Settlement Agreement Requirements***

As you know, Section 4.1 of the Settlement Agreement, which addresses the annual payments the
CNMI must pay to the Settlement Fund, states in pertinent part that:

> After the Fiscal Year 2024, the CNMI agrees to make minimum annual payments
> to the Settlement Fund sufficient to enable the Settlement Fund to pay 75% of Class
> Members' Full Benefits each year for the Settlement Fund's expected life as
> determined by an independent actuary appointed by the Trustee and approved by
> the District Court.

"Full Benefits" are those benefits payments in the amount defined by 1 CMC § 8301 et seq., as it
existed on June 26, 2013, which include a service retirement annuity, disability annuity, and
survivor annuity. The specified "benefits" under the Northern Marianas Island Retirement Fund
Act of 1988 do not include health and life insurance benefits, but these benefits are required by
Section 13.0 of the Settlement Agreement as follows:

> The Settlement Fund, the Trustee, the Plaintiff and Class Counsel shall not be
> responsible for the provision or administration of health and life insurance to
> Settlement Class Members and shall not be responsible for the payment of the costs
> of such insurance. But the CNMI agrees that it will include all Settlement Class
> Members in the same government health and life insurance plans and with the same
> benefits as provided to all then current full-time employees of the CNMI.

Modification of one or both of these provisions would greatly assist the CNMI in meeting its
obligations for the reasons discussed below.

***Lack of Funding and Excessive Costs***

The CNMI's challenge in complying with its GHLI obligations under the Settlement Agreement provisions are two-fold.

First, while the Settlement Agreement requires the CNMI to include all Settlement Class Members in the same GHLI plans, with the same benefits provided to current employees, it does not identify the source of funding for this obligation. Historically, although the Legislature has appropriated the amount necessary for the CNMI to make the minimum annual payment to the Settlement Fund to enable the Settlement Fund to pay 75% of the annuity benefits, it has not appropriated the amount necessary for the CNMI to pay the costs of GHLI for Settlement Class Members.

The source of funding for the current year is similarly uncertain. The CNMI is working to obtain a $29,000,000 pension loan from the Marianas Public Land Trust ("MPLT") to meet the minimum annual payment, in light of the strain on the Commonwealth's fiscal resources imposed by the ongoing slow recovery of tourism in the wake of the COVID-19 pandemic. This pension loan will meet the CNMI's obligations toward the minimum annual payment, but will not be sufficient for the CNMI to meet the employer share of GHLI for Settlement Class Members.

Although the CNMI has requested that the Legislature approve a budget for Fiscal Year 2026 that would fund this GHLI amount, and Section 13.0 provides that "It will be the duty and obligation of the CNMI to pass any legislation necessary to effectuate this paragraph," the Legislature has not yet appropriated sufficient funding to allow the CNMI to proceed with executing a rate agreement for GHLI insurance coverage. In addition, the CNMI has requested federal funding for this amount, but the only federal funding received to date must be utilized for the 25% pension benefit for the current quarter and cannot be utilized for any other costs. Without additional appropriations, the CNMI's available funds for GHLI premiums are approximately $3.6 million, which falls significantly short of the total annual cost of approximately $10 to $13 million.

Second, the costs associated with providing Settlement Class Members the same plans with the same benefits as existing employees is prohibitively expensive. Settlement Class Members utilize mainland U.S. health care facilities in greater numbers than current employees. In addition, their inclusion in the current employee plans drive up premium costs in light of their higher insurance risk profile; approximately 50% of the CNMI's total GHLI costs are for benefits provided to the Settlement Class Members versus current employees.

***Potential Health Care Crisis***

If no funding for the GHLI benefit is appropriated by the CNMI Legislature or the federal government, and no modifications to the Settlement Agreement are made, the CNMI will be unable to sign a new rate agreement for the upcoming year and the GHLI health insurance plan for the Settlement Class Members and current employees alike will expire on December 31, 2025. In other words, in order to continue to provide Settlement Class Members with the same level of benefits provided to current employees, the CNMI's only option with available funding is to provide everyone with nothing. This is the no-action alternative. Without sufficient funding to allow the CNMI to enter a rate agreement, then no agreement can be signed and all coverage ends- for employees and retirees alike. The CNMI is already months behind schedule; open enrollment generally begins October 1 and ends October 31 in order to ensure continuity of coverage. Due to the lack of funding, this continuity is threatened.

2

The CNMI appreciates your offer to help negotiate lower insurance rates. However, the CNMI has already renegotiated its rates with its existing provider on a number of occasions and issued requests for proposal for different terms and conditions of service in an attempt to lower rates, and the rates for the existing plans are simply too high to be addressed through renegotiation. In addition, there is no longer time to conduct this renegotiation without a lapse in coverage. The CNMI has previously provided you with copies of its rate agreement and has not received any material input or feedback to date.

If no additional funding is made available by December 31, 2025 to allow the CNMI to enter a rate agreement for the existing level of service, the CNMI will need to request proposals for the level of care that can be provided with the funds currently available, which may include policies that restrict coverage to catastrophic care only; restrict coverage to Saipan, Guam, and international health care facilities only; eliminate or restrict prescription drug benefits; or dramatically reduce the employer share and shift the costs to the employee and Settlement Class Members instead – or perhaps all of the above. However, the CNMI urgently requests your assistance to avoid this result.

It does not overstate the seriousness of this situation to characterize such an outcome as a health care crisis for the Commonwealth. No government employees or their families and no Settlement Class Members would have adequate insurance coverage. In addition, the Commonwealth Healthcare Corporation ("CHCC"), private medical clinics, and pharmacies would see a significant reduction in revenue from insurance payments; CHCC alone collects over $10m annually from the current insurer on routine billings. Such a blow to the health care system in the Commonwealth would have far-reaching ripple effects throughout the economy. Health care businesses would face closure, health care professionals would face layoffs or seek other opportunities off-island, and CHCC and other payors would be unable to meet their financial obligations (including but not limited to utility payments to the Commonwealth Utilities Corporation and payments to judgment creditors and contracting parties).

### *Potential Solutions*

The CNMI sees two potential paths forward; one or both may be needed to allow the CNMI to avoid a crisis and assist the CNMI in continuing to provide GHLI benefits to its current employees and Settlement Class Members.

First, the CNMI suggests revising Section 4.1 of the Settlement Agreement to redefine the benefits to be provided by the Settlement Fund to include the GHLI benefits. This would in turn require that the CNMI shall make minimum annual payments to the Settlement Fund sufficient to enable the Settlement Fund to pay 75% of the GHLI benefits each year for the Settlement Fund's expected life. In other words, the CNMI's GHLI benefit would become part of its minimum annual payment, which is routinely funded in full through legislative appropriations.

Second, the CNMI suggests revising Section 13.0 of the Settlement Agreement to provide the CNMI with relief from the existing requirement to include Settlement Class Members in the "same" GHLI plans with the "same" benefits. This would allow the CNMI additional flexibility to work with insurers to design affordable plans with differing levels of service and benefits more tailored to the needs of each distinct population of current employees and Settlement Class Members, taking into consideration their location of service and risk profiles.

3

The CNMI looks forward to discussing these requests with you during the regular meeting scheduled for December 4, 2025, and at the upcoming status conference in the U.S. District Court scheduled for December 10, 2025.

Sincerely,

TRACY B. NORITA
Secretary of Finance

4