

F I L E D
Clerk
District Court

AUG 07 2026

for the Northern Mariana Islands
By_____
(Deputy Clerk)

THE SENATE
Twenty-Fourth Northern Marianas Commonwealth Legislature
P. O. Box 500129
Saipan, MP  96950

July 23, 2026

The Honorable Frances Tydingco-Gatewood
United States District Court of Guam
520 West Soledad Avenue, Floor 4
Hagatna, Guam 96910

Dear Chief Judge Tydingco-Gatewood:

I have the honor of transmitting herewith a certified copy of Senate Resolution No. 24-18, entitled, "Respectfully requesting the Governor of the Commonwealth of the Northern Mariana Islands and the Attorney General to petition the United States District Court for the Northern Mariana Islands to reconsider the recovery of alleged overpayments of retirement pension benefits from retirees and to seek waivers and equitable relief for affected retirees." which was adopted by the Senate of Twenty-Fourth Northern Marianas Commonwealth Legislature.

Sincerely,

Valerie S. Aguon
Acting Senate Clerk

Attachment



# THE SENATE
## TWENTY-FOURTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

### SENATE RESOLUTION NO. 24-18

**Introduced by: Senator Jude U. Hofschneider**

### A SENATE RESOLUTION

Respectfully requesting the Governor of the Commonwealth of the Northern Mariana Islands and the Attorney General to petition the United States District Court for the Northern Mariana Islands to reconsider the recovery of alleged overpayments of retirement pension benefits from retirees and to seek waivers and equitable relief for affected retirees.

**WHEREAS**, the Northern Mariana Islands Settlement Fund ("Settlement Fund") has issued notices to hundreds of retirees regarding alleged overpayments of retirement benefits following a benefits audit; and

**WHEREAS**, many retirees have received the same retirement benefits for ten years or longer and have reasonably relied upon the accuracy of those benefit payments; and

**WHEREAS**, the alleged overpayments resulted from benefit calculations made by the former Northern Mariana Islands Retirement Fund through no fault, misrepresentation, or misconduct of the retirees; and

**WHEREAS**, retirees depend upon their monthly retirement pensions to pay for essential living expenses, including housing, food, utilities, transportation, medical care, and other necessities, and any reduction in benefits or recovery of alleged overpayments significantly diminishes their quality of life; and

**WHEREAS**, the Settlement Fund's efforts to recover alleged overpayments have created financial hardship, uncertainty, and emotional distress for many retirees, some of whom face repayment demands ranging from thousands to hundreds of thousands of dollars; and

**WHEREAS**, many affected retirees rely solely on their pension benefits and lack the financial resources to repay the alleged overpayments or defend against recovery actions; and

**WHEREAS,** recovery of overpayments is generally considered contrary to equity and good conscience when it would impose financial hardship, when recipients have relied upon the payments to their detriment, or when recovery would otherwise be unfair, unreasonable, or unconscionable; and

**WHEREAS,** the Settlement Fund's determination to recover overpayments has disrupted the lives of retirees who are subject to such recovery. Retirees have been bombarded with letters and notices demanding repayment of alleged overpayments. Many retirees cannot afford to repay the alleged overpayments, which range from several thousand dollars to hundreds of thousands of dollars; and

**WHEREAS,** many retirees fear being sued in court to recover the alleged overpayments. They cannot afford to repay the alleged overpayments, let alone hire legal counsel to defend against recovery actions for benefit calculations that were made through no fault of their own; and

**WHEREAS,** it is unfair, unreasonable, and unconscionable to require retirees who are not at fault to repay the alleged overpayments. The Settlement Fund should waive recovery of the alleged overpayments based on principles of fairness, equity, and good conscience; and

**WHEREAS,** the laws of the United States, as well as those of many states and territories, provide for waivers of overpayments of various benefits, including Social Security benefits, state retirement benefits, unemployment benefits, veterans' benefits, and family and medical leave benefits. The general standard for granting a waiver of recovery of overpaid benefits is that the individual is not at fault and that recovery or repayment would be against equity and good conscience; and

**WHEREAS,** recovery of overpaid benefits is considered against equity and good conscience when: (1) recovery would cause financial hardship to the individual; (2) the recipient can demonstrate, regardless of financial circumstances, that because of the notice or receipt of the incorrect payment, the recipient relinquished a valuable right or changed position for the worse; or (3) recovery would otherwise be unconscionable, unreasonable, or unfair under the circumstances; and

**WHEREAS,** rather than spending thousands of dollars in retirees' funds on litigation and paying the Trustee to pursue recovery of alleged overpayments, the Settlement Fund should follow the example of the CNMI Supreme Court and waive recovery of the alleged overpayments; and

**WHEREAS,** the CNMI Superior Court in *Ada v. NMIRF*, 2012 MP 10 ¶¶ 18, 28 (Aug. 30, 2012) held that the 3% retirement bonus given to elected officials and judges was unconstitutional under article II, section 15 of the NMI Constitution. However, the court further held that:

> [T]he Fund and the members of the Fund acted in good faith when they respectively distributed and received funds pursuant to an unconstitutional statute. There is no indication from the record that either the Fund or the Fund members believed the 3%

bonus to be unconstitutional when the bonuses were paid, or that bad faith was otherwise involved. Because all parties acted in good faith, principles of reasonableness and fairness dictate that they are now prohibited from "invok[ing] the aid of the courts to undo what they themselves ha[d] done."

Stripping Fund members of their previously received bonuses at this late date would place those members in the untenable position of paying back funds, which they received in good faith and upon which they may have reasonably relied. Moreover, recouping the bonuses from Fund members who in all likelihood have spent the money, relied on this income for their livelihood in good faith of the enacted statute's validity, and were not complicit in the pay out of the funds, would be unreasonable and unfair. This Court accordingly holds that the 3% bonus is void prospectively only and is not void ab initio. This holding permits Fund members who previously received the 3% bonus to retain it. However, persons who have not yet received the bonus, including Ada, are barred from receiving the bonus in the future.

**WHEREAS,** the court *Ada v. NMIRF* made it clear that it would be unreasonable and unfair to recoup the bonuses paid to retirees because the retirees received the bonus in good faith, relied on the bonus when they retired, probably spent the bonus already, relied on the bonus as income, and were not complicit; and

**WHEREAS,** more recently *In the Administrative Appeal of Rosa A. Camacho*, NMISF 16-002, the NMISF Hearing Officer in her Limited Decision and Order on the Effect of Overtime on Retirement Benefits (Oct. 20, 2023) cited the CNMI Supreme Court's holding in *Ada v. NMIRF*, 2012 MP 10 for the doctrine of fairness. The *Rosa A. Camacho* administrative case, among other things, involved overpayment of benefits because overtime was included in her benefits; and

**WHEREAS,** the Hearing Officer in the *Rosa A. Camacho* administrative case also cited the case *Cody v. NMIRF*, 2011 MP 16 (Dec. 29, 2011), where the CNMI Supreme Court alluded to the concept of fairness and found that it was not reasonable to bar Mr. Cody's claim against the NMIRF because it would allow the NMIRF to use an indefinite timeframe to bury unfavorable claims in the administrative process and to stay the proceedings for an indefinite time; and

**WHEREAS,** applying the doctrine of fairness used in the CNMI Supreme Court decisions in the *Ada* and *Cody* cases, the Hearing Officer in the *Rosa A. Camacho* appeal decided "that overtime should not have been included in the calculation of Mrs. Camacho's post-retirement benefits. However, Mrs. Camacho shall not be recouped or required to reimburse the NMISF for any monies due to any readjustment of her benefits based on the expiration of the statute of limitations and the unfairness of requiring payment after the length of time that has passed. The NMISF, however, shall properly adjust

Mrs. Camacho's benefit payments to reflect the correct calculation going forward from the date of this decision"; and

**WHEREAS,** based on the CNMI Supreme Court's decisions in *Ada v. NMIRF* and *Cody v. NMIRF*, as well as the NMI Settlement Fund's Hearing Officer's decision in the *Rosa A. Camacho* administrative case, it is evident from CNMI case law that claims involving the recovery of overpayments of retirement benefits would likely be decided in favor of retirees based on the doctrine of fairness; and

**WHEREAS,** the Settlement Fund should not expend precious resources and funds belonging to retirees to pursue recovery of alleged overpayments through the courts, particularly in light of the *Rosa A. Camacho* administrative case and the CNMI Supreme Court's decisions in *Ada and Cody*, which recognize the doctrine of fairness; and

**WHEREAS,** the Senate supports the waiver of recovery of overpayments of benefits where the individual is not at fault and recovery or repayment would be against equity and good conscience. The Senate believes that retirees who received benefit payments as a result of administrative error, and without fault, should not bear the burden of repaying those amounts;

**NOW, THEREFORE, BE IT RESOLVED,** that the Senate of the Commonwealth of the Northern Mariana Islands respectfully requests that the Governor and the Attorney General take all appropriate legal action to petition the United States District Court for the Northern Mariana Islands to reconsider the recovery of alleged retirement benefit overpayments and to seek waivers for retirees who were not at fault for the administrative errors that resulted in such overpayments; and

**BE IT FURTHER RESOLVED,** that the Senate requests that the Governor and the Attorney General advocate for equitable relief, including the waiver or compromise of recovery were permitted by law, consistent with the principles of fairness, equity, and good conscience; and

**BE IT FURTHER RESOLVED,** that the Senate requests that retirement benefits be prospectively adjusted, where necessary, to reflect the correct benefit amount while protecting retirees from repayment obligations arising solely from administrative miscalculations; and

**BE IT FURTHER RESOLVED,** that the President of the Senate shall certify and the Senate Legislative Secretary shall attest to the adoption of this Resolution, and thereafter the Senate Clerk shall transmit certified copies to the Honorable David M. Apatang, Governor of the Commonwealth of the Northern Mariana Islands; Edward Manibusan, the Attorney General of the Commonwealth of the Northern Mariana Islands; Joyce Tang, Trustee of the NMI Settlement Fund; the Honorable Frances M. Tydingco-Gatewood, Designated Judge of the United States District Court for the Northern

SENATE RESOLUTION NO. <u>24-18</u>

Mariana Islands; and the Honorable Edmund S. Villagomez, Speaker of the House of Representatives of the 24th Northen Marianas Commonwealth Legislature.

ADOPTED BY THE SENATE ON THE 20TH OF JULY 2026.

CERTIFIED BY:

_____
**KARL R. KING-NABORS**
**President of the Senate**

ATTESTED BY:

_____
**FRANCISCO Q. CRUZ**
**Senate Legislative Secretary**

THE SENATE
24th Northern Marianas
Commonwealth Legislature
P. O. Box 500129
Saipan, MP 96950

Screened
United States Marshals Service
District of Guam
Date ——— 8/4/26



Honorable Frances Tydingco-Gatewood
United States District Court of Guam
520 West Soledad Avenue, Floor 4
Hagatna, Guam 96910

9691034916 C001