# Cannot be diminished by any court action

The CNMI Supreme Court has ruled that **retirement benefits cannot be diminished by any court action**. The court held that cost-of-living adjustments (COLAs) introduced after a member joined the Retirement Fund were not part of their vested benefits and therefore could not be diminished or impaired under Article III, Section 20 (a) of the CNMI Constitution. This ruling applies to Class II members of the Retirement Fund who were already employed by the Commonwealth when the Act took effect. The court's decision is based on the principle that only the core pension promise existing at the time of employment is constitutionally protected. The court's opinion was issued per curiam by Justices Pro Tempore Robert J. Torres Jr., F. Philip Carbullido, and Sabrina S. McKenna. NMI JUDICIARY +1

NMI JUDICIARY
**Court Rules Cost-of-Living-Adjustments Are Not...**

marianaspress.com
**Supreme Court asked to reconsider decision on...**

View all

NMI JUDICIARY
https://www.nmijudiciary.gov › news › court-rules-cost...

## Court Rules Cost-of-Living-Adjustments Are Not Protected Retirement ...

Nov 3, 2025 · Saipan, CNMI – The Supreme Court of the Commonwealth of the Northern Mariana Islands today issued its opinion in Camacho v. Northern Mariana Islands Settlement Fund, Supreme ...

marianaspress.com
https://marianaspress.com › news › article › supreme...

## Supreme Court asked to reconsider decision on retirees' COLA rights

Finally, the petition asserts that later amendments to the 1988 law reducing or suspending COLA payments do not remove the benefit from constitutional protection. Instead, any legislative change ...

Marianas Variety News & Views
https://www.mvariety.com › news › local

## 9th Circuit seeks guidance from NMI Supreme Court on retirees' COLA

Dec 20, 2024 · THE U.S. Court of Appeals for the Ninth Circuit has certified a legal question to the CNMI Supreme Court seeking guidance on whether the Cost-of-Living Allowance or COLA for retirees ...

Marianas Variety News & Views
https://www.mvariety.com › news › local › article...

## NMI Supreme Court rules against COLA protection for retirees

Nov 3, 2025 · The NMI Supreme Court decision states that cost-of-living adjustments for retirees are not protected under the CNMI Constitution, impacting former government employees' benefits.

Justia Law
https://law.justia.com › cases › federal › appellate-courts

## Camacho v. Northern Mariana Islands Settlement Fund, No. 23-16074 ...

Nov 20, 2025 · In 1989, the Commonwealth legislature amended the Retirement Fund Act to provide a two percent COLA. Over the years, this provision was repeatedly modified, suspended, and ...

CNMILRC
https://cnmilaw.gov › pdf › supreme · PDF file

## 2025-MP-10 (Camacho v. Settlement Fund) - cnmilaw.gov

1-1
(6 PAGES)

# NMI Constitution

## Article III Executive Branch
## Section 20: Retirement System.

(a) Membership in an employee retirement system of the Commonwealth shall constitute a contractual relationship. Accrued benefits of this system shall be neither diminished nor impaired.

(b) An employee who has acquired not less than twenty years of creditable service under the Commonwealth retirement system shall be credited an additional five years and shall be eligible to retire. An employee who elects to retire under this provision may not be reemployed by the Commonwealth Government or any of its instrumentalities or agencies, for more than 60 days in any fiscal year without losing his or her retirement benefits for the remainder of that fiscal year, except that the legislature may by law exempt reemployment of retirees as classroom teachers, doctors, nurses, and other medical professionals from this limitation, for reemployment not exceeding two (2) years. No retiree may have their retirement benefits recomputed based on any reemployment during which retirement benefits are drawn, but every such reemployed retiree shall nevertheless be required to contribute to the retirement fund during the period of reemployment, at the same rate as other government employees. The legislature may prohibit recomputation of retirement benefits based on reemployment after retirement in any event or under any circumstances.

**Source:** Second Const. Conv. Amend. 19 (1985); amended by Senate Legislative Initiative 10-4 (1997).
**Commission Comment:** Subsection (b) of this section 20 was amended by the provisions of Section 2 of Senate Legislative Initiative 10-4

1-2

E-FILED
CNMI SUPREME COURT
E-filed: Nov 03 2025 10:34AM
Clerk Review: Nov 03 2025 10:42AM
Filing ID: 77504673
Case No.: 2024-SCC-0024-CQU
NoraV Borja

IN THE
# Supreme Court
OF THE
# Commonwealth of the Northern Mariana Islands

---

**ROSA A. CAMACHO,**
*Plaintiff-Appellant,*

v.

**NORTHERN MARIANA ISLANDS SETTLEMENT FUND,**
*Defendant-Appellee,*

**Supreme Court No. 2024-SCC-0024-CQU**

---

**SLIP OPINION**

**Cite as: 2025 MP 10**

Decided November 3, 2025

JUSTICE PRO TEMPORE ROBERT J. TORRES, JR.
JUSTICE PRO TEMPORE F. PHILIP CARBULLIDO
JUSTICE PRO TEMPORE SABRINA S. MCKENNA

UNITED STATES COURT OF APPEALS, NINTH CIRCUIT NO. 23-16074
D.C. No. 1:09-CV-00023
Chief Judge Mary H. Murguia

1-3

PER CURIAM:

¶ 1 On December 9, 2024, the United States Court of Appeals for the Ninth Circuit certified the following question for resolution by this Court:

> Did section 8334(e) of the Northern Mariana Islands Retirement Fund Act of 1988, 1989 N. Mar. I. Pub. L. 6-17, grant Class II members of the Northern Mariana Islands Retirement Fund, who were already employed by the Commonwealth when the Act took effect, an accrued cost-of-living increase benefit that may not be diminished or impaired under the terms of Article III, section 20(a) of the Commonwealth Constitution?

For the following reasons, we hold that it did not.

## I. Facts and Procedural History

¶ 2 Article III, section 20(a) of the Commonwealth Constitution reads: "Membership in an employee retirement system of the Commonwealth shall constitute a contractual relationship. Accrued benefits of this system shall be neither diminished nor impaired."

¶ 3 The Commonwealth established the Retirement Fund in 1980. Rosa A. Camacho entered as a Class II member that year. At the time, the system provided annuities but no cost-of-living allowances ("COLAs").

¶ 4 In 1989, the Legislature amended the Retirement Fund Act to add section 8334(e), stating that members "shall be entitled to a 2 percent cost of living increase." Northern Mariana Islands Retirement Fund Act of 1988, Pub. L. 6-17 § 8334(e). Over the following decades, the COLA provision was repeatedly altered. In 1991, eligibility was redefined. Pub. L. 7-39 § 1. In 1993, increases were tied to the Consumer Price Index. Pub. L. 8-31 § 1. In 2007, they were suspended. Defined Benefit Plan Reform Act of 2007, Pub. L. 17-70 § 4(b) (repealed 2011). And in 2011, mandatory COLAs were repealed and replaced with a discretionary scheme. Pub. L. 17-34 § 2(c).

¶ 5 By 2009, the Retirement Fund was facing insolvency. Retirees filed a class action in federal court, resulting in a 2013 settlement agreement that created the Settlement Fund. The agreement entitled participants to receive 75 percent of their "Full Benefits," defined as those provided by statute as of June 26, 2013, or guaranteed by Article III, section 20(a).

¶ 6 In 2016, Camacho claimed the Settlement Fund had underpaid her by failing to apply COLAs since 2009. The district court denied relief, holding that COLAs were not part of her "Full Benefits" because they were discretionary under the 2013 law and not constitutionally protected when she joined the Retirement Fund in 1980.

1-4

¶ 19 Second, the changes to COLAs did not abolish the contractual obligation. *Tano* distinguishes between modifying terms of performance and eliminating the duty itself. *Id.* ¶ 63. The Commonwealth altered, suspended, and eventually repealed COLAs, but the annuity continued to be paid in full. The duty to provide a pension remained intact.

¶ 20 Third, COLAs were never central to the bargain. Substantial impairment occurs only when the altered provision was the primary undertaking of the contract. *Id.* ¶ 65. The Fund's central undertaking, as *Cody* confirmed, was to pay a guaranteed annuity. COLAs were supplemental adjustments. Their repeal left the fundamental exchange of service for pension payments unchanged. *Id.* ¶ 66.

¶ 21 Therefore, under *Tano*, no substantial impairment occurred. Accordingly, no violation of Section 20(a) arises from the alteration of COLAs.

*C. Reinforcing the Limits of section 20(a)*

¶ 22 Other courts interpreting nearly identical clauses have drawn the same line between core pension promises and supplemental adjustments. The Supreme Court of Colorado has addressed the issue directly, holding that retirees have no contractual right to a fixed COLA formula and that the legislature may reduce COLAs without violating constitutional protections. *Justus*, 336 P.3d at 212. The court explained that COLAs are changed repeatedly, that the statutes never promised they would last for life, and that without clear legislative intent to create a contract, no vested right could arise. *Id.* at 210.

¶ 23 Alaska employs similar reasoning through its inducement test. A benefit is protected only if it serves as part of the consideration for public service. *Duncan v. Retired Pub. Emps. Alaska, Inc.*, 71 P.3d 882, 887 (Alaska 2003). This reasoning secures benefits included in the package when the employee begins working but leaves later add-ons by the legislature unprotected. COLAs enacted after a member began service therefore fall outside the scope of accrued benefits under Alaska's test.

¶ 24 Hawai\`i takes a comparable approach by distinguishing between benefits earned for past service and those tied to future service. Benefits already accrued are constitutionally protected, but the legislature retains authority to adjust benefits that operate prospectively. *Everson v. State*, 228 P.3d 282, 296 (Haw. 2010). Unlike the health benefits contested in *Everson*, COLAs had not accrued at the time Camacho's rights to retirement benefits vested. *Id.* Thus, COLAs fall outside the constitutional guarantee recognized under Hawai'i law.

¶ 25 These decisions reinforce the limits built into section 20(a). Our Constitution secures the core pension promised at entry, but it does not lock every later adjustment into place. That line preserves both employee security and legislative flexibility while avoiding the broader fiscal risk to the Commonwealth's ability to sustain its retirement system.

1-5

## VI. CONCLUSION

¶ 26 For these reasons, we hold that section 8334(e) of the Northern Mariana Islands Retirement Fund Act did not create a constitutionally protected accrued benefit under Article III, section 20(a) for members already employed by the Commonwealth when the Act took effect. We therefore answer the certified question in the negative.

SO ORDERED this 3rd day of November, 2025.

/s/
ROBERT J. TORRES, JR.
Justice Pro Tempore

/s/
F. PHILIP CARBULLIDO
Justice Pro Tempore

/s/
SABRINA S. MCKENNA
Justice Pro Tempore

COUNSEL

Jeanne H. Rayphand, for Appellant Camacho

G. Patrick Civille, for Appellee Settlement Fund.

WHY DIDN'T THE NMI SETTLEMENT'S FUND TWO IN-HOUSE ATTORNEYS DO THIS LEGAL WORK?

NOTICE

*This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it may be revised or withdrawn. In the event of any discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, e-mail Supreme.Court@NMIJudiciary.gov.*

IS CIVILLE A PARTNER IN THE TANG CIVILLE LAW FIRM?

1-6